JEFFREY S.  BLANCK, ESQ.
Nevada State Bar # 3913
485 West Fifth Street
Reno, Nevada 89503
(775) 324-6640
(775) 323-5944 fax
email: jblanck@jeffreyblancklaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

RICHARD A. DAVIS,                             **Case No.:**

              Plaintiff,                      **COMPLAINT**

v.

NPG CABLE, INC, an Arizona corporation;
SANFORD YAZZIE, an individual; ROSA
ROSA, an individual; and BILL SEVERN, an
individual,

              Defendants.
_____/

        Plaintiff, RICHARD A. DAVIS ("Plaintiff"), by and through his undersigned

counsel, hereby alleges as follows for his Complaint against Defendants:

                          **JURISDICTION**

        1.       This is an action for declaratory relief, injunctive relief, and damages, and

to secure protection of and to redress deprivation of rights secured by Title VII of the

Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000-3, et seq. Supp. II, (1972)

(hereinafter referred to as "Title VII), providing for relief against discrimination in

employment on the basis of race; and 42 U.S.C. §1981, providing for redress of

deprivation of the right to make and enforce contracts under the full and equal benefit

of all of laws as is enjoyed by white citizens.

        2.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343, 42 U.S.C.

§2000-e, et seq., as amended, and 42 U.S.C. §1981.

///

3.     The unlawful employment practices alleged below were and are being committed within the District of Arizona.

## PARTIES

4.     Plaintiff is a black male citizen of the United States of America and is a resident of the State of Arizona, City of Flagstaff.

5.     Defendant, NPG CABLE, INC. ("Defendant NPG"), is a corporation duly organized and existing under the laws of the State of Arizona, and maintains an office and place of business throughout the State of Arizona.

6.     Defendant NPG has continuously and does now employee more than fifteen (15) persons.

7.     Since at least December, 1990, Defendant NPG has continuously been and is now an employer in an industry affecting commerce within the mean of Section 701(b)(g) and (h) of Title VII, 42 U.S.C. §2000-e(b), (g), and (h).

8.     Defendant SANFORD YAZZIE ("Defendant Yazzi") was and currently is an employee of Defendant NPG.

9.     Defendant ROSA ROSA ("Defendant Rosa") was and currently is an employee of Defendant NPG.

10.    Defendant BILL SEVERN ("Defendant Severn") was and currently is an employee of Defendant NPG.

## ADMINISTRATIVE PROCEDURES

11.    Within one hundred eighty (180) days of the occurrence of the acts in which Plaintiff complains, charges of employment discrimination were filed with the Equal Employment Opportunity Commission ("EEOC") by Plaintiff against Defendant NPG on or about April, 2009.

12.    On April 12, 2010, Plaintiff received a Notice of Right to Sue from the EEOC's Phoenix district office.

///

///

**FIRST CAUSE OF ACTION**

**Violation of Title VII and Section 1981 Against Defendant NPG**

13.   Plaintiff hereby incorporations paragraphs 1 through 12, inclusive as though full set forth herein.

14.   On or about April 3, 2000, Plaintiff was hired by Defendant NPG as a cable installer.

15.   Beginning on or about January 21, 2009 and continuing until approximately September, 2009 (last date discrimination took place), Defendant NPG engaged in discriminatory practice against Plaintiff regarding the terms and conditions of his employment on the basis of race, including, but not limited to, engaging in pattern and practice of harassment and humiliation of Plaintiff by allowing Plaintiff to be called a "nigger" by employees and by allowing nooses to be hung on Plaintiff's vehicle as well as allowing Plaintiff's vehicle to have his tires slashed while at work, forcing Plaintiff to take a demotion, and having Plaintiff followed while at work, all of which is not required of white employees and all done because of Plaintiff's race.

16.   The affect of Defendant NPG's policies and practices as described above has been to deprive Plaintiff of equal employment opportunities and to deprive Plaintiff of the same right to make and enforce contracts as is enjoyed by white citizens.

17.   As a further result of Defendant NPG's above-stated actions, Plaintiff has been and is now being deprived of income in the form of wages and of prospective retirement benefits, and other fringe benefits due him solely because of his race, in an amount to be proved at trial.

18.   Plaintiff is now suffering and will continue to suffer irreparable harm and injury from Defendant NPG's policies, practices, customs, and usages as set forth herein.

19.   As a proximate result of Defendant NPG's discriminatory and wrongful acts as set forth, Plaintiff has suffered emotional distress, humiliation, and embarrassment and mental anguish.

1    20.    Defendant NPG at all times has been acting with malice towards Plaintiff

2    and with a conscious disregard of Plaintiff's rights.

3                              **SECOND CAUSE OF ACTION**

4         **Violation of Section 1981 Against Defendants Yazzie, Rosa, and Severn**

5    21.    Plaintiff hereby incorporations paragraphs 1 through 20, inclusive as

6    though full set forth herein.

7    22.    Beginning on or about January 21, 2009 and continuing until

8    approximately September, 2009 (last date discrimination took place), Defendants Yazzie

9    (Supervisor), Rosa (General Manager), and Severn (Chief Operating Officer) engaged in

10   discriminatory practice against Plaintiff regarding the terms and conditions of his

11   employment on the basis of race, including, but not limited to, engaging in pattern and

12   practice of harassment and humiliation of Plaintiff by ignoring the complaints reported

13   to them by Plaintiff and allowing Plaintiff to be called a "nigger" by employees and by

14   allowing nooses to be hung on Plaintiff's vehicle as well as allowing Plaintiff's vehicle

15   to have his tires slashed while at work, which acts were all done because of Plaintiff's

16   race.

17   23.    Plaintiff is now suffering and will continue to suffer irreparable harm and

18   injury from Defendants Yazzie, Rosa, and Severn's policies, practices, customs, and

19   usages as set forth herein.

20   24.    As a proximate result of Defendants Yazzie, Rosa, and Severn's

21   discriminatory and wrongful acts as set forth, Plaintiff has suffered emotional distress,

22   humiliation, and embarrassment and mental anguish.

23   25.    Defendants Yazzie, Rosa, and Severn have at all times been acting with

24   malice towards Plaintiff and with a conscious disregard of Plaintiff's rights.

25                              **THIRD CAUSE OF ACTION**

26         **Intentional Infliction of Emotional Distress by all Defendants**

27   26.    Plaintiff hereby incorporations paragraphs 1 through 25, inclusive as

28   though full set forth herein.

27.     Plaintiff hereby incorporates Paragraphs 1 through 19 above as though set forth in full herein.

28.     As a result of Defendant NPG allowing racial epithets, the hanging of nooses, and the slashing of Plaintiff's tires to go unchecked, Plaintiff has suffered severe emotional distress.

29.     As a result of Defendant NPG's actions, Plaintiff has suffered emotional distress requiring him to seek medical treatment and to lose time, pay, and benefits from work.

30.     Defendants have at all times herein have been acting with malice towards Plaintiff and with a conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully prays this Court to advance this case on the docket; order a speedy hearing at the earliest practicable date; and to cause this case to be in every way expedited, and upon such hearing to:

A.     Issue a Declaratory Judgment that Defendant NPG's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by Title VII;

B.     Issue an injunction ordering Plaintiff to be reinstated to his former position during the pendency of this action, and after hearing issue an order for permanent reinstatement;

C.     Order Defendant NPG to make Plaintiff whole who has been adversely affected by the policies and practices described, and providing appropriate back pay and reimbursement for lost provisions, social security, experience, training opportunities, and other benefits in an amount to be shown at trial and other affirmative relief; and

D.     Retain jurisdiction over this action to ensure full compliance with the orders of the Court, with applicable law, and require Defendant NPG to file such reports and the Court deems necessary to evaluate compliance; and

E.     To grant Plaintiff's attorneys fees, costs, and disbursements, and

1    F.    Grant such additional relief as the Court deems just and proper; and

2    G.    Award Plaintiff compensatory and punitive damages in excess of One

3  Hundred Thousand Dollars ($100,000.00); and

4    H.    Grant Plaintiff a jury trial upon those issues triable by jury.

5

6  Dated: July 15, 2010                    _____/S/_____

7                                          JEFFREY S. BLANCK, ESQ.,
                                           Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28